IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

STOCKTON MORTGAGE
CORPORATION,

    Plaintiff,

v.

    Case No. 5:25-cv-01840-LCB

IXONIA BANCSHARES, INC. d/b/a
NOVUS HOME MORTGAGE, *et al.*,

    Defendants.

**MOTION FOR PRELIMINARY INJUNCTION
AND TO VACATE ORDER PERMITTING EXPEDITED DISCOVERY**

COME NOW the defendants Logan Hoffman, Eric Wagner, Chris Hoehn, Ashley Hoehn, Amber O'Rear, Adam Goode, Jerry Bryant, Elizabeth Harrell, Emma Amara, Leslie Swearingen, Elliot Farmer, Jennifer Detulleo, Elizabeth Blagburn, Brandi McEwen, and Sherry Dougherty (collectively, the "Individual Defendants"), and respectfully request that the Court extend the preliminary injunction previously against Novus expressly to them, and to vacate its order permitting expedited discovery.  In support, the Individual Defendants state as follows:

1.    On Wednesday, November 5, the undersigned contacted Plaintiffs' counsel to see if Plaintiffs would consent to the entry of an order extending the

1

preliminary injunction already entered against Defendant Novus to the Individual Defendants. This would replace the temporary restraining order and eliminate the need for expedited discovery. Plaintiffs' counsel agreed in principle yesterday morning and stated that they would provide a draft shortly thereafter. (Ex. A.) Yesterday afternoon, the undersigned had not heard from Plaintiffs' counsel and inquired about the draft order. (Ex. A.) Before Plaintiffs' counsel responded, this Court entered its order vacating Defendant Hoffman's ability to respond to the motion for expedited discovery, and ordering that such discovery be drafted, issued, and responded to, within seven days. (Doc. 47.) Subsequent to the Court's order, Plaintiffs' counsel indicated they would still consent to a preliminary injunction covering the Individual Defendants. (Ex. B.)

2.      As part of its offer to Plaintiffs' counsel, the undersigned stated that he was attempting to represent all of the Individual Defendants, was still in the process of contacting them, conducting conflict checks, and having everyone execute agreements for representation. The undersigned anticipated being able to make notices of appearance for 8 or 9 of the Individual Defendants by the end of the week. The undersigned has been now able to confirm representation of all Individual Defendants, who would be expressly subject to the extended preliminary injunction order.

3.      The Individual Defendants are attempting to cooperate with Plaintiffs and proceed with this litigation in an orderly fashion.  To that end, an order extending the preliminary injunction entered against Novus to them would protect Plaintiff from possible prejudice or harm, replace the temporary restraining order, and would negate the need for expedited discovery.  On this basis, Plaintiffs' counsel agreed to withdraw the motion for expedited discovery.  (Ex. A.)

4.      Plaintiffs' motion for expedited discovery was based on the need to gather evidence in support of its motion for motion for a preliminary injunction. (Doc. 15 ¶¶ 5–6.)  Expedited discovery is not technically necessary even under the status quo, as the preliminary injunction against Novus already expressly applies to its employees.  (Doc. 16 ¶ 1.)  The Individual Defendants, save one, are all employees of Novus.  Further, Rule 65(d)(2) makes the preliminary injunction applicable to Novus and its "officers, agents, servants, employees, and attorneys[.]"  Having the preliminary injunction extended to all Individual Defendants, therefore, is technically unnecessary except as to the one defendant that is not a Novus employee (Emma Amara).  Nonetheless, the undersigned has agreed to the extended preliminary injunction as an extra precaution.

5.      "The law is clear that expedited discovery is highly disfavored." *Socal Dab Tools, LLC v. Venture Techs., LLC*, No. 2:22-CV-128-MHT-SMD, 2022 WL 19977793, at *1 (M.D. Ala. Apr. 25, 2022).  "Although the Eleventh

Circuit Court of Appeals has not adopted a standard for allowing expedited discovery, ... many district courts within the Eleventh Circuit . . . have expressly used a general good cause standard when confronted with expedited discovery requests." *Id*. "In deciding whether a party has shown good cause, courts often consider the following factors: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made. Courts also consider whether a motion to dismiss is pending." *Id*.; *see also SA&H Alabama Holding, LLC v. Shoemaker*, No. 5:23-CV-01519-LCB, 2023 WL 9105651, at *1 (N.D. Ala. Nov. 28, 2023)

6.    Applying the above factors to this case mitigates strongly against expedited discovery. As to the first and third factors, the Plaintiffs' motion for a expedited discovery is mooted by the Individual Defendants' consent to the extended preliminary injunction, which was the basis for expedited discovery. (Doc. 15 ¶¶ 5–6.) Further, the preliminary injunction already in place against Novus applies to its employees, who are the Individual Defendants (save one).

7.    As to the second factor—the breadth of discovery—the Plaintiffs have not even identified what discovery they will be issuing. The breadth is unknown, but given that they are requesting ten interrogatories and ten requests for

production of documents, it will very likely be that the regular discovery process will be supplanted almost in its entirety and prematurely injected into this very early stage of the proceedings. This outcome is disfavored in the law. *See Am. Residential Servs., LLC v. Kennon Heating & Air Conditioning, Inc.*, 2023 WL 4401616, at *2 (N.D. Ga. May 10, 2023) ("Plaintiffs' general description of the expedited discovery it seeks seemingly encompasses this entire case and is too broad to justify its request.").

8.     Regarding the fourth factor, it is very likely that the expedited discovery will be unduly burdensome to the Individual Defendants. The undersigned just completed contacting all 18 individual defendants, making an appearance on their behalf, and is in the beginning stages of investigating the case, and evaluating claims and defenses. There are 18 Individual Defendants who at this early stage will also then, at the same time, be required to rush to respond to numerous interrogatories and search for all varieties of documents which may be responsive to Plaintiffs' very early discovery. This is not an example of orderly litigation. Normally at this point defendants would be working with their counsel to prepare responsive pleadings.

9.     The fifth factor asks the Court to consider "how far in advance of the typical discovery process the request is made." Discovery would normally not be due until December 17, at the earliest, computed from the date of the amended

complaint under Rule 15(a)(3).  Instead, the 18 Individual Defendants here are required to respond under the current expedited discovery schedule only six days from now, including an intervening weekend.

10.     The last factor—whether a motion to dismiss is pending—weighs in favor of the Individual Defendants.  Given how early in the case the proceedings are, the Individual Defendants have just only made appearances, let alone file a motion to dismiss.  However, although not yet currently pending, the Individual Defendants anticipate filing substantive motions to dismiss on several grounds. There are numerous flaws with the Amended Complaint.

WHEREFORE, for the above-stated reasons, the Individual Defendants respectfully request that this Court enter an order (1) extending the preliminary injunction entered previously against Novus (doc. 16) expressly to the Individual Defendants, replacing the temporary restraining order, and (2) vacating its order allowing expedited discovery to proceed.

Respectfully submitted,

*/s/ Daniel J. Wisniewski*

Daniel J. Wisniewski (ASB-2544-P19Q)
MASSEY, STOTSER & NICHOLS, PC
1780 Gadsden Highway
Birmingham, Alabama 35235
Telephone:  (205) 838-9000
Facsimile:   (205) 838-9086
*dwisniewski@msnattorneys.com*

*Attorney for the Individual Defendants*

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2025, I filed a copy of the foregoing with the Court's electronic CM/ECF filing system, which will send notification to all parties and counsel of record in this case.

/s/ Daniel J. Wisniewski
Counsel