FILED
2025 Dec-22  PM 05:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| STOCKTON MORTGAGE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 5:25-cv-01840-ACA |
| | ) | |
| IXONIA BANCSHARES INC. d/b/a | ) | |
| NOVUS HOME MORTGAGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**IXONIA BANCSHARES INC. D/B/A NOVUS HOME MORTGAGE'S
ANSWER TO FIRST AMENDED VERIFIED COMPLAINT**

Ixonia Bancshares Inc. d/b/a Novus Home Mortgage ("Novus") has a pending Consent Motion for Extension of Time to file its Answer by 21 days (Doc. 55) that is unopposed.  In an abundance of caution, Novus files the following answer to the First Amended Verified Complaint (Doc. 19) ("Complaint") filed by Plaintiff Stockton Mortgage Corporation ("Plaintiff") on November 3, 2025, as follows:[1]

**INTRODUCTION**

1.    Novus denies the allegations in Paragraph 1 of the directed against Novus.

---

[1] In responding to the Complaint, Novus uses the headings employed by Plaintiff strictly as a convenience to the Court, and does not admit any allegation made in, or inference suggested by, such headings.

**PARTIES**

2.     Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 of the Complaint and, therefore, denies the allegations.

3.     Novus admits the allegations of Paragraph 3.

4.     Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4 of the Complaint and, therefore, denies the allegations.

5.     Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 of the Complaint and, therefore, denies the allegations.

6.     Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 of the Complaint and, therefore, denies the allegations.

7.     Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 of the Complaint and, therefore, denies the allegations.

8.     Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of the Complaint and, therefore, denies the allegations.

9.     Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 of the Complaint and, therefore, denies the allegations.

10.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 of the Complaint and, therefore, denies the allegations.

11.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the Complaint and, therefore, denies the allegations.

12.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the Complaint and, therefore, denies the allegations.

13.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 of the Complaint and, therefore, denies the allegations.

14.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 of the Complaint and, therefore, denies the allegations.

15.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the Complaint and, therefore, denies the

allegations.

16. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 of the Complaint and, therefore, denies the allegations.

17. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 of the Complaint and, therefore, denies the allegations.

18. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 of the Complaint and, therefore, denies the allegations.

19. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 of the Complaint and, therefore, denies the allegations.

20. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 of the Complaint and, therefore, denies the allegations.

21. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the Complaint and, therefore, denies the allegations.

## JURISDICTION AND VENUE

22.     The allegations of Paragraph 22 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

23.     The allegations of Paragraph 23 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

24.     The allegations of Paragraph 24 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

25.     The allegations of Paragraph 25 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

26.     The allegations of Paragraph 26 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

27.     The allegations of Paragraph 27 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

## FACTUAL ALLEGATIONS

**I.    The Mortgage Lending Operations Business.**

28.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 of the Complaint and, therefore, denies the allegations.

29.    Novus admits that it is a mortgage lender in response to the allegations in paragraph 29.

30.    Novus admits that it is a mortgage lender and denies any remaining allegations in paragraph 30.

**II.    SMC's Confidential Information and Trade Secrets.**

31.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 of the Complaint and, therefore, denies the allegations.

32.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 of the Complaint and, therefore, denies the allegations.

33.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 of the Complaint and, therefore, denies the allegations.

34.    Novus is without knowledge or information sufficient to form a belief

as to the allegations in Paragraph 34 of the Complaint and, therefore, denies the allegations.

## III.    SMC Hires and Trains Hoffman.

35.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 35 of the Complaint and, therefore, denies the allegations.

36.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 36 of the Complaint and, therefore, denies the allegations.

37.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 37 of the Complaint and, therefore, denies the allegations.

38.    The allegations of Paragraph 38 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 38 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 38 of the Complaint and, therefore, denies the allegations.

39.    The allegations of Paragraph 39 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 39 are inconsistent with,

differ from, or seek to characterize the written documents, the allegations are denied.

40.     The allegations of Paragraph 40 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 40 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied.

41.     The allegations of Paragraph 41 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 41 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied.

42.     The allegations of Paragraph 42 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 42 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied.

43.     The allegations of Paragraph 43 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 43 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied.

44.     The allegations of Paragraph 44 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 44 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied.

45.     The allegations of Paragraph 45 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 45 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied.

46.     The allegations of Paragraph 46 refer to written documents that speak

for themselves.  To the extent the allegations of Paragraph 46 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied

47.    The allegations of Paragraph 47 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 47 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied.

48.    The allegations of Paragraph 48 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 48 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied.

49.    The allegations of Paragraph 49 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 49 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied.

## IV.    SMC Hires and Trains the Other Former Employees.

50.    The allegations of Paragraph 50 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 50 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 50 of the Complaint and, therefore, denies the allegations.

51.    The allegations of Paragraph 51 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 51 are inconsistent with,

differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 of the Complaint and, therefore, denies the allegations.

52. The allegations of Paragraph 52 refer to written documents that speak for themselves. To the extent the allegations of Paragraph 52 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 52 of the Complaint and, therefore, denies the allegations.

53. The allegations of Paragraph 53 refer to written documents that speak for themselves. To the extent the allegations of Paragraph 53 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 53 of the Complaint and, therefore, denies the allegations.

54. The allegations of Paragraph 54 refer to written documents that speak for themselves. To the extent the allegations of Paragraph 54 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as

to the allegations in Paragraph 54 of the Complaint and, therefore, denies the allegations.

55.    The allegations of Paragraph 55 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 55 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 55 of the Complaint and, therefore, denies the allegations.

56.    The allegations of Paragraph 56 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 56 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 56 of the Complaint and, therefore, denies the allegations.

57.    The allegations of Paragraph 57 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 57 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 57 of the Complaint and, therefore, denies the allegations.

58.     The allegations of Paragraph 58 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 58 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 58 of the Complaint and, therefore, denies the allegations.

59.     The allegations of Paragraph 59 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 59 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 59 of the Complaint and, therefore, denies the allegations.

60.     The allegations of Paragraph 60 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 60 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 60 of the Complaint and, therefore, denies the allegations.

61.     The allegations of Paragraph 61 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 61 are inconsistent with,

differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 61 of the Complaint and, therefore, denies the allegations.

62.     The allegations of Paragraph 62 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 62 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 62 of the Complaint and, therefore, denies the allegations.

63.     The allegations of Paragraph 63 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 63 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 63 of the Complaint and, therefore, denies the allegations.

64.     The allegations of Paragraph 64 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 64 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as

to the allegations in Paragraph 64 of the Complaint and, therefore, denies the allegations.

65.     The allegations of Paragraph 65 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 65 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 65 of the Complaint and, therefore, denies the allegations.

66.     The allegations of Paragraph 66 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 66 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 66 of the Complaint and, therefore, denies the allegations.

67.     The allegations of Paragraph 67 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 67 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied.

68.     The allegations of Paragraph 68 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 68 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied.

14

69.     Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 69 of the Complaint and, therefore, denies the allegations.

70.     Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 70 of the Complaint and, therefore, denies the allegations.

## V.     Novus Induces Former Employees to Steal SMC's Clients, Prospects, and Files.

71.     In response to the allegations paragraph 71, Novus states that it had various communications with the individuals, but denies the remaining allegations in this paragraph.

72.     Novus denies the allegations in paragraph 72 directed against it.

73.     Novus states that any written documents speak for themselves, but denies the remaining allegations in paragraph 73.

74.     Novus denies the allegations in paragraph 74.

### A.     Ashley Hoehn and Chris Hoehn.

75.     The allegations of Paragraph 75 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 75 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 75 of the Complaint and, therefore, denies the

15

allegations.

76.    The allegations of Paragraph 76 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 76 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 76 of the Complaint and, therefore, denies the allegations.

77.    The allegations of Paragraph 77 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 77 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 77 of the Complaint and, therefore, denies the allegations.

78.    The allegations of Paragraph 78 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 78 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 78 of the Complaint and, therefore, denies the allegations.

79.    The allegations of Paragraph 79 refer to written documents that speak

for themselves.  To the extent the allegations of Paragraph 79 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 79 of the Complaint and, therefore, denies the allegations.

80.    The allegations of Paragraph 80 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 80 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 80 of the Complaint and, therefore, denies the allegations.

81.    The allegations of Paragraph 81 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 81 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 81 of the Complaint and, therefore, denies the allegations.

82.    The allegations of Paragraph 82 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 82 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied.

17

Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 82 of the Complaint and, therefore, denies the allegations.

83.   The allegations of Paragraph 83 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 83 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 83 of the Complaint and, therefore, denies the allegations.

84.   The allegations of Paragraph 84 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 84 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 84 of the Complaint and, therefore, denies the allegations.

85.   The allegations of Paragraph 85 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 85 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 85 of the Complaint and, therefore, denies the

allegations.

86.    The allegations of Paragraph 86 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 86 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 86 of the Complaint and, therefore, denies the allegations.

87.    The allegations of Paragraph 87 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 87 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 87 of the Complaint and, therefore, denies the allegations.

88.    The allegations of Paragraph 88 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 88 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 88 of the Complaint and, therefore, denies the allegations.

89.    The allegations of Paragraph 89 refer to written documents that speak

for themselves.  To the extent the allegations of Paragraph 89 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 89 of the Complaint and, therefore, denies the allegations.

90.    The allegations of Paragraph 90 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 90 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 90 of the Complaint and, therefore, denies the allegations.

91.    The allegations of Paragraph 91 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 91 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 91 of the Complaint and, therefore, denies the allegations.

92.    The allegations of Paragraph 92 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 92 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied.

Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 92 of the Complaint and, therefore, denies the allegations.

93. The allegations of Paragraph 93 refer to written documents that speak for themselves. To the extent the allegations of Paragraph 93 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 93 of the Complaint and, therefore, denies the allegations.

94. The allegations of Paragraph 94 refer to written documents that speak for themselves. To the extent the allegations of Paragraph 94 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 94 of the Complaint and, therefore, denies the allegations.

**B. Eric Wagner**

95. The allegations of Paragraph 95 refer to written documents that speak for themselves. To the extent the allegations of Paragraph 95 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as

to the allegations in Paragraph 95 of the Complaint and, therefore, denies the allegations.

### C.    Adam Goode.

96.    The allegations of Paragraph 96 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 96 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 96 of the Complaint and, therefore, denies the allegations.

97.    The allegations of Paragraph 97 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 97 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 97 of the Complaint and, therefore, denies the allegations.

98.    The allegations of Paragraph 98 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 98 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 98 of the Complaint and, therefore, denies the

allegations.

99.    The allegations of Paragraph 99 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 99 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 99 of the Complaint and, therefore, denies the allegations.

100.    The allegations of Paragraph 100 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 100 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 100 of the Complaint and, therefore, denies the allegations.

101.    The allegations of Paragraph 101 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 101 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 101 of the Complaint and, therefore, denies the allegations.

102.    The allegations of Paragraph 102 refer to written documents that speak

for themselves.  To the extent the allegations of Paragraph 102 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 102 of the Complaint and, therefore, denies the allegations.

103.   The allegations of Paragraph 103 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 103 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 103 of the Complaint and, therefore, denies the allegations.

**D.     Amber O'Rear.**

104.   The allegations of Paragraph 104 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 104 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 104 of the Complaint and, therefore, denies the allegations.

105.   The allegations of Paragraph 105 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 105 are inconsistent with,

differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 105 of the Complaint and, therefore, denies the allegations.

106. The allegations of Paragraph 106 refer to written documents that speak for themselves. To the extent the allegations of Paragraph 106 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 106 of the Complaint and, therefore, denies the allegations.

107. The allegations of Paragraph 107 refer to written documents that speak for themselves. To the extent the allegations of Paragraph 107 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 107 of the Complaint and, therefore, denies the allegations.

108. The allegations of Paragraph 108 refer to written documents that speak for themselves. To the extent the allegations of Paragraph 108 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as

to the allegations in Paragraph 108 of the Complaint and, therefore, denies the allegations.

### E.    Leslie Swearengin.

109.    The allegations of Paragraph 109 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 109 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied. Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 109 of the Complaint and, therefore, denies the allegations.

### F.    Jennifer Detulleo.

110.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 110 of the Complaint and, therefore, denies the allegations.

## VI.    SMC Investigates Theft of Confidential Information.

111.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 111 of the Complaint and, therefore, denies the allegations.

112.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 112 of the Complaint and, therefore, denies the allegations.

113. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 113 of the Complaint and, therefore, denies the allegations.

114. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 114 of the Complaint and, therefore, denies the allegations.

115. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 115 of the Complaint and, therefore, denies the allegations.

116. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 116 of the Complaint and, therefore, denies the allegations.

117. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 117 of the Complaint and, therefore, denies the allegations.

118. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 118 of the Complaint and, therefore, denies the allegations.

119. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 119 of the Complaint and, therefore, denies the

allegations.

120. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 120 of the Complaint and, therefore, denies the allegations.

121. Novus denies the allegations of Paragraph 121.

## VII. The Former Employees Leave SMC to Work in an Identical Capacity at Novus.

122. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 122 of the Complaint and, therefore, denies the allegations.

123. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 123 of the Complaint and, therefore, denies the allegations.

124. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 124 of the Complaint and, therefore, denies the allegations.

125. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 125 of the Complaint and, therefore, denies the allegations.

126. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 126 of the Complaint and, therefore, denies the

allegations.

127.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 127 of the Complaint and, therefore, denies the allegations.

128.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 128 of the Complaint and, therefore, denies the allegations.

129.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 129 of the Complaint and, therefore, denies the allegations.

130.    Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 130 of the Complaint and, therefore, denies the allegations.

131.    The allegations of Paragraph 131 refer to written documents that speak for themselves.  To the extent the allegations of Paragraph 131 are inconsistent with, differ from, or seek to characterize the written documents, the allegations are denied.  Otherwise, Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 131 of the Complaint and, therefore, denies the allegations.

132.    Novus is without knowledge or information sufficient to form a belief

as to the allegations in Paragraph 132 of the Complaint and, therefore, denies the allegations.

133.  Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 133 of the Complaint and, therefore, denies the allegations.

134.  Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 134 of the Complaint and, therefore, denies the allegations.

135.  Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 135 of the Complaint and, therefore, denies the allegations.

136.  Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 136 of the Complaint and, therefore, denies the allegations.

137.  Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 137 of the Complaint and, therefore, denies the allegations.

138.  Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 138 of the Complaint and, therefore, denies the allegations.

139. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 139 of the Complaint and, therefore, denies the allegations.

140. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 140 of the Complaint and, therefore, denies the allegations.

141. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 141 of the Complaint and, therefore, denies the allegations.

142. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 142 of the Complaint and, therefore, denies the allegations.

143. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 143 of the Complaint and, therefore, denies the allegations.

144. Novus admits that certain employees are currently employed at Novus in response to the allegations in paragraph 144.

145. Novus is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 145 of the Complaint and, therefore, denies the allegations.

**COUNT I**
**Breach of Contract**
**Against A. Hohn, C. Hohn, Wagner, Goode, O'Rear, Swearengin, and Detulleo**

146. Novus incorporates by reference the responses stated above to Paragraphs 1 through 145 as if set forth fully herein. To the extent a specific response to Paragraph 146 is required, the allegations are denied.

147. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 147 is required, the allegations are denied

148. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 148 is required, the allegations are denied

149. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 149 is required, the allegations are denied.

150. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 150 is required, the allegations are denied

151. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 151 is required, the allegations are denied.

152. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 152 is required, the allegations are denied.

153. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 153 is required, the allegations are denied.

154. The allegations in this paragraph are not directed against Novus. To

32

the extent a specific response to Paragraph 154 is required, the allegations are denied.

**COUNT II**
**Breach of Contract**
**Against Hoffman**

155. Novus incorporates by reference the responses stated above to Paragraphs 1 through 145 as if set forth fully herein. To the extent a specific response to Paragraph 155 is required, the allegations are denied.

156. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 156 is required, the allegations are denied.

157. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 157 is required, the allegations are denied

158. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 158 is required, the allegations are denied

159. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 159 is required, the allegations are denied

160. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 160 is required, the allegations are denied

161. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 161 is required, the allegations are denied

162. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 162 is required, the allegations are denied.

163.  The allegations in this paragraph are not directed against Novus.  To the extent a specific response to Paragraph 163 is required, the allegations are denied.

## COUNT III
### Breach of Fiduciary Duty
### Against Hoffman, Amara, A. Hoehn, C. Hoehn, Sherrell, Leopard, Goode, Wagner, Swearengin, Kidd, O'Rear, Harrell, Farmer, Bryant, Detulleo, Dougherty, Blagburn, and McEwen

164.  Novus incorporates by reference the responses stated above to Paragraphs 1 through 145 as if set forth fully herein.  To the extent a specific response to Paragraph 164 is required, the allegations are denied.

165.  The allegations in this paragraph are not directed against Novus.  To the extent a specific response to Paragraph 165 is required, the allegations are denied

166.  The allegations in this paragraph are not directed against Novus.  To the extent a specific response to Paragraph 166 is required, the allegations are denied

167.  The allegations in this paragraph are not directed against Novus.  To the extent a specific response to Paragraph 167 is required, the allegations are denied

168.  The allegations in this paragraph are not directed against Novus.  To the extent a specific response to Paragraph 168 is required, the allegations are denied

169.  The allegations in this paragraph are not directed against Novus.  To the extent a specific response to Paragraph 169 is required, the allegations are denied

## COUNT IV
### Defend Trade Secrets Act
### 18 U.S.C. § 1836, *et seq.*
### Against Novus, Hoffman, Goode, Wagner, Swearengin, O'Rear, A. Hoehn, and C. Hoehn

170. Novus incorporates by reference the responses stated above to Paragraphs 1 through 145 as if set forth fully herein. To the extent a specific response to Paragraph 170 is required, the allegations are denied.

171. Novus denies the allegations of Paragraph 171.

172. Novus denies the allegations of Paragraph 172.

173. Novus denies the allegations of Paragraph 173.

174. Novus denies the allegations of Paragraph 174.

175. Novus denies the allegations of Paragraph 175.

176. Novus denies the allegations of Paragraph 176.

177. Novus denies the allegations of Paragraph 177.

178. Novus denies the allegations of Paragraph 178.

179. Novus denies the allegations of Paragraph 179.

## COUNT V
### Alabama Trade Secrets Act
### Against Novus, Hoffman, Goode, Wagner, Swearengin, O'Rear, A. Hoehn, and C. Hoehn

180. Novus incorporates by reference the responses stated above to Paragraphs 1 through 145 as if set forth fully herein. To the extent a specific response to Paragraph 180 is required, the allegations are denied.

181. Novus denies the allegations of Paragraph 181.

182. Novus denies the allegations of Paragraph 182.

183. Novus denies the allegations of Paragraph 183.

184. Novus denies the allegations of Paragraph 184.

185. Novus denies the allegations of Paragraph 185.

186. Novus denies the allegations of Paragraph 186.

187. Novus denies the allegations of Paragraph 187.

188. Novus denies the allegations of Paragraph 188.

189. Novus denies the allegations of Paragraph 189.

## COUNT VI
### Conversion
### Against Novus, Hoffman, Goode, Wagner, Swearengin, O'Rear, Detulleo, A. Hoehn, and C. Hoehn

190. Novus incorporates by reference the responses stated above to Paragraphs 1 through 145 as if set forth fully herein. To the extent a specific response to Paragraph 190 is required, the allegations are denied.

191. Novus denies the allegations of Paragraph 191.

192. Novus denies the allegations of Paragraph 192.

193. Novus denies the allegations of Paragraph 193.

194. Novus denies the allegations of Paragraph 194.

195. Novus denies the allegations of Paragraph 195.

196. Novus denies the allegations of Paragraph 196.

36

## COUNT VII
## Tortious Interference With Business Relationship
## Against Hoffman, Amara, A. Hoehn, C. Hoehn, Sherrell, Leopard, Goode, Wagner, Swearengin, Kidd, O'Rear, Harrell, Farmer, Bryant, Detulleo, Dougherty, Blagburn, and McEwen

197. Novus incorporates by reference the responses stated above to Paragraphs 1 through 145 as if set forth fully herein. To the extent a specific response to Paragraph 197 is required, the allegations are denied.

198. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 198 is required, the allegations are denied

199. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 199 is required, the allegations are denied

200. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 200 is required, the allegations are denied.

201. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 201 is required, the allegations are denied

202. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 202 is required, the allegations are denied.

203. The allegations in this paragraph are not directed against Novus. To the extent a specific response to Paragraph 203 is required, the allegations are denied.

## COUNT VIII
### Tortious Interference With Business Relationship
### Against Novus

204. Novus incorporates by reference the responses stated above to Paragraphs 1 through 145 as if set forth fully herein. To the extent a specific response to Paragraph 204 is required, the allegations are denied.

205. Novus denies the allegations of Paragraph 205.

206. Novus denies the allegations of Paragraph 206.

207. Novus denies the allegations of Paragraph 207.

208. Novus denies the allegations of Paragraph 208.

209. Novus denies the allegations of Paragraph 209.

210. Novus denies the allegations of Paragraph 210.

211. Novus denies the allegations of Paragraph 211.

212. Novus denies the allegations of Paragraph 212.

## COUNT IX
### Tortious Interference With Business Expectancy
### Against All Defendants

213. Novus incorporates by reference the responses stated above to Paragraphs 1 through 145 as if set forth fully herein. To the extent a specific response to Paragraph 213 is required, the allegations are denied.

214. Novus denies the allegations of Paragraph 214.

215. Novus denies the allegations of Paragraph 215.

216. Novus denies the allegations of Paragraph 216.

217. Novus denies the allegations of Paragraph 217.

218. Novus denies the allegations of Paragraph 218.

219. Novus denies the allegations of Paragraph 219.

220. Novus denies the allegations of Paragraph 220.

221. Novus denies the allegations of Paragraph 221.

## COUNT IX
## Aiding and Abetting
## Against Novus

222. Novus incorporates by reference the responses stated above to Paragraphs 1 through 145 as if set forth fully herein. To the extent a specific response to Paragraph 222 is required, the allegations are denied.

223. Novus denies the allegations of Paragraph 223.

224. Novus denies the allegations of Paragraph 224.

225. Novus denies the allegations of Paragraph 225.

226. Novus denies the allegations of Paragraph 226.

227. Novus denies the allegations of Paragraph 227.

228. Novus denies the allegations of Paragraph 228.

## COUNT X
## Civil Conspiracy
## Against All Defendants

229. Novus incorporates by reference the responses stated above to

Paragraphs 1 through 145 as if set forth fully herein. To the extent a specific response to Paragraph 229 is required, the allegations are denied.

230. Novus denies the allegations of Paragraph 230.

231. Novus denies the allegations of Paragraph 231.

232. Novus denies the allegations of Paragraph 232.

233. Novus denies the allegations of Paragraph 233.

234. Novus denies the allegations of Paragraph 234.

235. Novus denies the allegations of Paragraph 235.

236. Novus denies the allegations of Paragraph 236.

237. Novus denies the allegations of Paragraph 237.

238. Novus denies the allegations of Paragraph 238.

Novus denies that Plaintiff is entitled to the relief sought in the WHEREFORE paragraph following paragraph 238, including subparagraphs (A) – (G), or any relief whatsoever.

**DEFENSES**

Without assuming the burden of proof on any such defense that would otherwise rest on the Plaintiff, and reserving the right to amend and/or supplement its responses to Plaintiff's allegations as well as these avoidances and defenses as additional information is obtained through the discovery process or otherwise, Novus states the following defenses to the Complaint:

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims for equitable relief are barred, in whole or in part, by its own fault and inequitable conduct and this includes application of the "unclean hands" rule in equity and includes the doctrine of *in pari delicto*.

3.    Plaintiff is equitably estopped from asserting its claims.

4.    Plaintiff has not been damaged by Novus. Plaintiff's Complaint is not actionable for hypothetical or speculative claims of damage or injury.

5.    Any damages that Plaintiff may have suffered were the direct or proximate result of the acts or omissions of Plaintiff or third parties or a superseding, intervening cause.

6.    Plaintiff is not entitled to injunctive relief because it has an adequate remedy at law (*i.e.*, money damages) and has suffered no irreparable harm.

7.    Plaintiff is not entitled to injunctive relief because the balance of harms substantially weighs in favor of Novus.

8.    Plaintiff is not entitled to injunctive relief because it has no substantial likelihood of success on the merits.

9.    Some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel, justification, ratification, and acquiescence.

10.    Plaintiff has suffered no injury, damage or loss as a proximate result of any of the actions alleged against Novus.

11.    Plaintiff's claims are barred, in whole or in part, by the failure to plead conspiracy with particularity and without an underlying wrong.

12.    Plaintiff's civil conspiracy claim fails because Plaintiff cannot demonstrate any actual agreement, overt act in furtherance, unlawful goal, or damages.

13.    Plaintiff fails to plead, and cannot prove, an underlying tort or unlawful act upon which its civil conspiracy claim may be based.

14.    Novus' alleged actions were lawful, justified, privileged, or undertaken in good faith pursuit of legitimate business interests.

15.    Plaintiff failed to mitigate any alleged damages.

16.    Plaintiff's claims, in whole or in part, are barred by preemption under the Alabama Trade Secrets Act, ALA. CODE § 8-27-1, *et seq*.

17.    Plaintiff fails to allege any nexus between its alleged "trade secrets" and interstate or foreign commerce, as required to bring a proper claim under the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*.

42

18.    Plaintiff's complaint fails to adequately plead any proprietary or confidential information or trade secrets that were misappropriated and thus fails to state a claim upon which relief may be granted.

19.    Novus denies using or disclosing any of Plaintiff's trade secrets.

20.    Any use or disclosure of Plaintiff's confidential or proprietary information or trade secrets was not willful or malicious and thus punitive or exemplary damages are inappropriate.

21.    Plaintiff failed to take adequate steps to maintain the secrecy and privacy of its alleged trade secrets, thereby abandoning any alleged trade secret protection attaching to the materials or information made the subject of its claims.

22.    The information that Plaintiff claims to constitute a "trade secret" is publicly available, readily ascertainable through proper means, capable of discovery by independent invention, and derives no independent economic value, actual or potential, from not being generally known to the public.

23.    Plaintiff's claim of trade secret misappropriation is made in bad faith and Novus is entitled to attorney's fees under 18 U.S.C. § 1836(b)(3)(D) and ALA. CODE § 8-27-4(a)(2).

24.    Plaintiff's allegations and claims, including its prayer for injunctive relief, are so intertwined with the parallel state court action that Colorado River abstention is appropriate.

25.     Plaintiff is not entitled to consequential or lost-profits damages.

26.     Plaintiff lacks a sufficient protectable contractual or business relationship that may support a tortious interference claim.

27.     Novus cannot be liable for tortious interference because the interference, if any, is covered by the competitor's privilege, business competition privilege, or another privilege or justification recognized by law.

28.     Novus did not interfere with the Individual Defendants' Agreements or any other of Plaintiff's contractual or business expectancies.

29.     Novus' interference, if any, was not done via wrongful or improper means.

30.     Novus' interference, if any, was done in good faith and in assertion of its own legally protected interests and without intent or malice.

31.     Novus cannot be liable for tortious interference because the Individual Defendants' Agreements are unenforceable or are otherwise void. Novus adopts by reference all of the Individual Defendants' contractual defenses to enforcement of the Agreements.

32.     Novus cannot be liable for tortious interference because the Individual Defendants' Agreements are unlawful restraints of trade and contrary to public policy.

33.     Plaintiff's state-law claim of tortious inference fails because the

44

restrictive covenants at issue are unenforceable in that they are overly broad in time, geography, and scope of activity, are too vague and ambiguous to be enforced, are against public policy, create an undue hardship, and impose a greater restraint than necessary to protect Plaintiff's protectable or legitimate business interest, if any

34.     Novus cannot be liable for tortious interference because it employed the Individual Defendants with the good-faith belief that any restrictive covenants they may have had with Plaintiff would be unenforceable.  Thus, Novus cannot have acted with the requisite scienter to be liable for tortious interference.

35.     Punitive damages may not be awarded against Novus vicariously as a principal.

36.     The imposition of punitive or exemplary damages against Novus would violate its constitutional rights under the Due Process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, the Excessive Fines clause in the Eighth Amendment to the Constitution of the United States, the Double Jeopardy clause in the Fifth Amendment to the Constitution of the United States, other applicable federal and local constitutional law, and/or applicable common law and public policies including but not limited to:

> a.     imposition of such damages by a jury which (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of such a damages award, (2) is not adequately and clearly instructed on the limits of such imposed by the principles of deterrence and punishment, (3) is not expressly prohibited from awarding such damages or determining the amount

thereof, in whole or in part, on the basis of invidiously discriminatory characteristics,  (4) is permitted to award such damages under a standard for determining liability which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes such damages permissible, and (5) is not subject to meaningful trial court and appellate court judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

b.    imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

c.    imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence;

d.    imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all such damages issues only if and after the liability of Defendant has been found on the merits;

e.    imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, under applicable law subject to no predetermined limit, such as a maximum multiple of compensatory damages or maximum amount; and/or

f.    imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, based on anything other than Defendant's conduct, or in any other way subjecting Defendant to impermissible multiple punishment for the same alleged wrong.

37.    Novus avers that any award of punitive damages to Plaintiff in this case would be violative of Article 1, section 6, of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, and that punitive damages are vague and are not

rationally related to legitimate governmental interests and cannot constitutionally be imposed.

38. No act or omission of Novus was malicious, willful, wanton, reckless, grossly negligent or intentional and, therefore, any award of punitive damages is barred.

39. Any punitive damages that Plaintiff may recover in this case should be capped in keeping with ALA. CODE § 6-11-21, as amended in 1999 (Act No. 99- 358) and in the spirit of the Supreme Court of Alabama's decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999). Novus adopts by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute. The Supreme Court of Alabama's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect. *See Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994).

40. With respect to Plaintiff's demand for punitive damages, Novus specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of such damage awards set forth in the decisions of *BMW v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 549 U.S. 346, 127 S. Ct. 1057 (2007).

41.    Novus avers that any award of punitive damages to the Plaintiff in this case would be violative of the procedural safeguards provided to defendant under the Sixth Amendment to the Constitution of the United States and that punitive damages are penal in nature, and, consequently, Novus is entitled to the same procedural safeguards accorded to criminal defendants.

42.    Novus adopts all applicable statutory standards or limitations on the imposition of punitive or exemplary damages, including those in ALA. CODE §§ 6-11-20 & 6-11-21 and 18 U.S.C. § 1836(b)(3)(C).

43.    Any award or judgment rendered in favor of Plaintiff must be reduced by the amount of benefits Plaintiff received, or are entitled to receive, from any source.

44.    Novus incorporates by reference herein, as if fully set forth herein, all defenses, both affirmative and otherwise, raised, pled, or asserted by any other defendant in this action.

Novus reserves all rights to amend this Answer to include additional affirmative defenses or remove inapplicable defenses.

## PRAYER FOR RELIEF

WHEREFORE, Novus prays as follows:

1.      That Plaintiff take nothing by the Complaint, and that the Complaint be dismissed, and that the judgment on the Complaint be entered for Novus;

2.      That Novus be awarded its costs of suit and attorneys' fees;

3.      That Novus have a trial by jury on all triable issues;

4.      That the Court grant such further relief as the Court may deem just and proper.

Dated: December 22, 2025                    Respectfully submitted:

/s/Keith S. Anderson

Keith S. Anderson (ASB-3747-H66A)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue North
Birmingham, Alabama 35203-2119
Phone: (205) 521-8000
Fax: (205) 521-8800
kanderson@bradley.com
Counsel for Ixonia Bancshares Inc. d/b/a
Novus Home Mortgage

49

## CERTIFICATE OF SERVICE

This is to certify that on December 22, 2025 the foregoing document was filed with the Clerk of Court using the CM/ECF system and served on all parties electronically as follows:

Brock Phillips
MAYNARD NEXSEN, P.C.
1901 Sixth Avenue N, Suite 1700
Birmingham, AL 35203
Phone: (205) 254-1981
bphillips@maynardnexsen.com
*Counsel for Plaintiff Stockton Mortgage Corporation*

Francis X. Riley III (*pro hac vice*)
SAUL EWING LLP
650 College Road East, Suite 4000
Princeton, New Jersey 08540
Phone: (609) 452-3150
francis.riley@saul.com
*Counsel for Plaintiff Stockton Mortgage Corporation*

Alexander L. Reich (*pro hac vice*)
Krystina Garda (*pro hac vice*)
SAUL EWING LLP
161 N. Clark St., Suite 4200
Chicago, Illinois 60601
Phone: (312)-876-6925
alexander.reich@saul.com
krystina.garda@saul.com
*Counsel for Plaintiff Stockton Mortgage Corporation*

Daniel J. Wisniewski
MASSEY, STOTSER & NICHOLS, PC
1780 Gadsden Highway
Birmingham, Alabama 35235
Phone: (205) 838-9000
dwisniewski@msnattorneys.com
*Counsel for Individual Defendants*

/s/Keith S. Anderson
Of Counsel