FILED

2026 Mar-17  PM 04:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | |
|---|---|
| STOCKTON MORTGAGE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> IXONIA BANCSHARES, INC. d/b/a NOVUS HOME MORTGAGE, *et al.*, <br><br> Defendants. | Case No. 5:25-cv-01840-ACA |

**RULE 12(B)(6) MOTION TO DISMISS
SECOND VERIFIED AMENDED COMPLAINT**

The Individual Defendants,[1] by and through undersigned counsel, respectfully request that this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismiss Counts IV, VII, VIII, X, and XII of the Second Verified Amended Complaint (doc. 71), on the basis that the ATSA preempts those claims, and dismiss defendants Bryant, Harrell, Leopard, Kidd, Sherrell, Amara, Farmer, Detulleo, Blagburn, McEwen, Dougherty, and Swearengin entirely from this cause due to the inadequacy of the factual allegations alleged against them.  In support of this Motion the Individual Defendants state as follows:

---

[1] The Individual Defendants are all of the named defendants except for Ixonia Bancshares, Inc. d/b/a Novus Home Mortgage.

1

## BACKGROUND

1.      This Motion is similar, but not identical, to the previously filed Motion to Dismiss filed on December 22, 2025 (doc. 57), pertaining to the First Verified Amended Complaint.  The Second Amended Complaint adds breach of contract claims against defendants Logan Hoffman, Sherry Dougherty, and Ashley Hoehn.  Other than for these new claims, which resulted in some of the causes of action being re-numbered, there is no material difference between the complaints. As a result, this motion is substantially similar to the previously filed one except that the causes of action are re-numbered accordingly, additional analysis has been added to the Individual Defendants' preemption section below, and there is additional analysis pertaining to Ms. Dougherty.  For the reasons stated below, Ms. Dougherty should still be dismissed from this case.

## MOTION TO DISMISS

2.      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint and whether it states a claim upon which relief may be granted.  The Supreme Court has emphasized that a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  "Mere 'labels and conclusions or a formulaic recitation of the

elements of a cause of action will not do,' and a plaintiff cannot rely on 'naked assertions devoid of further factual enhancement.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (citation omitted). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

**I.    Counts IV, VII, VIII, X, and XII the Second Amended Complaint Should Be Dismissed as They Are Preempted by the Alabama Trade Secrets Act**

3.    Count VI of the Second Amended Complaint asserts a claim under the Alabama Trade Secrets Act ("ATSA") against Defendants Hoffman, Goode, Wagner, Swearengin, O'Rear, Ashley Hoehn, and Chris Hoehn. (Doc. 71 at 31.) However, the ATSA preempts Plaintiff from stating other related tort claims against these Defendants based on theories of misappropriation of confidential information.

4.    "[T]he ATSA preempts not only common law claims specifically alleging the misappropriation of trade secrets but also other causes of action based on the same underlying facts giving rise to a claim under the ATSA." *Madison Oslin, Inc. v. Interstate Res., Inc.*, 2012 WL 4730877, at *6 (N.D. Ala. Sept. 30, 2012). "For example, courts have found that the ATSA preempts common law claims for 'conversion' of alleged trade secrets, for 'breach of fiduciary duty' by use of alleged trade secrets, and for fraudulent 'misrepresentation' for the purpose

of taking alleged trade secrets." *Physiotherapy Assocs., Inc. v. ATI Holdings, LLC*, 592 F. Supp. 3d 1032, 1044 (N.D. Ala. 2022) (citing *Arkema Inc. v. Emerson Process Mgmt.*, LLP, 413 F. Supp. 3d 1191, 1196 (S.D. Ala. 2019); *Madison Oslin, Inc.*, 2012 WL 4730877, at *9.

5.     "[D]ecisions within each of the three federal district courts in Alabama applying [state law precedent] have determined that the Alabama Supreme Court established the principle that "*any* common law tort claim that, *whatever its name*, provides a theory of recovery for the misappropriation of a trade secret is preempted by ATSA." *See Gulf S. Commc'ns, Inc. v. Woof Inc.*, 2021 WL 2405199, at *5 (M.D. Ala. June 11, 2021) (emph. added) (citing *Killough v. Monkress*, 2021 WL 1192990, at *8 (N.D. Ala. Mar. 30, 2021).

6.     The Second Amended Complaint list examples of the Confidential Materials allegedly protected as trade secrets as including, but not being limited to:

> customer leads, customer lists, customer information and other customer data, including customer requirements, plans, names, addresses (physical, mailing and email) and telephone and fax numbers; and . . . Confidential and proprietary information about any actual or potential customer or consumer, or other third party (including businesses, consultants, and other entities and individuals), which shall include, without limitation, all of a consumer's or customer's 'nonpublic personal information,' as that term is defined under the Gramm-Leach-Bliley Act of 1999 and any amendments thereto.

(Doc. 71 ¶ 44.)   The factual allegations of the Second Amended Complaint (as it relates to the "Confidential Materials") focus entirely on Plaintiff's customer lists

and related customer data, and the Defendants' alleged use of that data to transfer existing and prospective clients to Plaintiff's detriment.  (Doc. 71 ¶¶ 75–110, 113, 120–121.)   The customer data is fundamental to SMC's additional tort claims, which rely on using the customer data to "move accounts" and solicit "prospective borrowers."

7.      As a result, the following counts of the Second Amended Complaint are preempted by the Plaintiff's assertion of the ATSA, either in whole or in part, because they pertain to the Defendants' sharing, receipt, and/or use of Plaintiff's alleged "Confidential Materials":  Count IV (Breach of Fiduciary Duty), Count VII (Conversion), Counts VIII (Tortious Interference With Business Relationship), Count X (Tortious Interference With Business Expectancy); and Count XII (Civil Conspiracy).[2]  These Counts expressly rely on the misappropriation and use of the Confidential Materials.  (Doc. 71 ¶¶ 204, 229–231, 237–238, 254, 256, 269–270, 272.)

8.      Because the above Counts are "based on the same underlying facts giving rise to a claim under the ATSA" they are due to be dismissed as preempted. *See Madison Oslin, Inc.*, 2012 WL 4730877, at *6.

---

[2] These Counts would also likely be preempted as to defendant Novus, who is named under the Alabama Trade Secrets Act count.  This would also likely apply to Counts IX (Tortious Interference With Business Relationship) and Count XI (Aiding and Abetting) where Novus is the only named defendant.

**II.    The Second Amended Complaint Contains Only Bald, Conclusory, Factual Assertions Against 12 of the 18 Individual Defendants**

9.    As to twelve of the Individual Defendants, the Second Amended Complaint only alleges against them "naked assertions devoid of further factual enhancement[.]" *Franklin*, 738 F.3d at 1251.  This applies to Defendants Bryant, Harrell, Leopard, Kidd, Sherrell, Amara, Farmer, Detulleo, Blagburn, McEwen, Dougherty, and Swearengin.  The Second Amended Complaint states where these people reside, their job titles with Plaintiff, that they had contracts with Plaintiff, their general job duties, and the fact that they resigned from employment with Plaintiff.  (Doc. 71 ¶¶ 9–14, 16–21, 50, 55, 57–67, 69, 122–123, 125–126, 137–143.)

10.    Unlike several of the other Individual Defendants, nowhere does the Second Amended Complaint state in any of level of detail how these individuals misappropriated Confidential Materials or transferred existing or prospective borrowers to Novus.[3]    Instead, the Plaintiff impermissibly "lump[s] all the defendants together" under the various counts of the Second Amended Complaint, baldly stating under formulaic recitations of the causes of action that they misappropriated Confidential Materials and diverted existing and prospective

---

[3] There are two additional short paragraphs in the Second Amended Complaint pertaining to Defendants Detulleo and Swearengin addressed in more detail below.

clients to Novus.  *See Fox v. Loews Corp.*, 309 F. Supp. 3d 1241, 1249 (S.D. Fla. 2018).

11.    The complaint in *M5 Mgmt. Servs., Inc. v. Yanac* contained the same deficiencies which exist in the Second Amended Complaint in this case.  In *M5 Mgmt. Servs., Inc.*, the Court described the factual allegations as follows:

> The Plaintiff justifies its allegation that the Defendant misused its confidential and proprietary information by repeating the same statements listed in the complaint.  It claims that the Defendant used the confidential information he obtained as a former employee in the operation of his new business.  To support its reasoning, the Plaintiff argues that it did not refer to the confidential information in a general fashion but listed it as things like "sensitive and valuable business information, trade secrets, pricing information, [and] prospect lists."

428 Supp. 3d 1282, 1288–89 (N.D. Ala. 2019).  The Court dismissed the plaintiff's breach of contract and Federal Defend Trade Secrets Act claims primarily because 1) plaintiff failed to identify the trade secrets misappropriated beyond the "broad category[] of information" listed above, 2) the plaintiff failed to adequately allege in what ways the defendant removed, used, or shared any alleged trade secrets in violation of his employment agreement, and 3) "the Defendant having access to confidential information and operating a [competing] business does not automatically create a plausible presumption that he is in breach" of any duties.

12.    The Second Amended Complaint in this case is no different in any material respect from the complaint in *M5 Mgmt. Servs., Inc.*  Here, Plaintiff asserts that it protected the customer and prospect lists by putting that information

in computer systems requiring passwords, and obligating employees to not disclose company information.  Plaintiff failed, however, to otherwise state how the generic consumer contact information it is claiming is a trade secret.  The court in *M5 Mgmt. Servs., Inc.* dismissed claims that "sensitive and valuable business information, trade secrets, pricing information, [and] prospect lists" were trade secrets, even where the plaintiff insisted that it had measures in place to protect that information.  *Id.* at 1290.

13.    Second, as to Bryant, Harrell, Leopard, Kidd, Sherrell, Amara, Farmer, Detulleo, Blagburn, McEwen, Dougherty, and Swearengin, the Second Amended Complaint likewise "has not satisfactorily alleged in what ways the [twelve Individual Defendants] removed, used, or shared the information in violation of [the] employment agreement[.]"  The Second Amended Complaint merely states that these defendants had access to customer data, left Plaintiff's employment, and in a conclusory fashion, that the defendants transferred existing and prospective customers, and their data, to Novus.  But this conclusory allegation is not supported by showing "in what ways" this was accomplished, and therefore fails to move the claim "across the line from conceivable to plausible."  *Id.* at 1289. (*quoting Iqbal*, 556 U.S. at 680, 129 S.Ct. 1937).  As the court held in *M5 Mgmt. Servs., Inc.*, "the Defendant having access to confidential information and

8

operating a [competing] business does not automatically create a plausible presumption that he is in breach" of any duties. *Id.*

14. The Second Amended Complaint contains only one additional paragraph pertaining to defendant Detulleo. This paragraph implies that she must have been forwarding existing and prospective customers to Novus, instead of Plaintiff, because the number of "credit pulls" she completed in October 2025 fell sharply. (Doc. 71 ¶ 110.) But this claim-by-implication falls squarely into the impermissible "conceivable" category of claims *Iqbal* expressly prohibits. This one additional paragraph adds little to the formulaic allegations that the twelve Individual Defendants misappropriated trade secrets.

15. Similarly, the Plaintiff only adds one additional paragraph containing any detail about defendant Swearengin. The Second Amended Complaint states that Swearengin "received an email from Goode (who was still employed at SMC) with information needed to move a loan to Novus[.]" (Doc. 71 ¶ 109.) However, the email attached as an exhibit shows that two other people were communicating via email regarding the loan that was allegedly "moved." Ms. Swearengin was merely added as a recipient of the email, and there are no further allegations that she took any actions to receive, forward, or use this information. Accepting the allegations of "the complaint as true does not require [the court] to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed,

9

when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205–06 (11th Cir. 2007). Ms. Swearengin's name being found as a recipient of one email adds little to the formulaic and bare allegations contained in the Second Amended Complaint against her that she misappropriated trade secrets.

16. Notwithstanding the new contract claim added to the Second Amended Complaint against Ms. Dougherty, she should still be dismissed. Once the inadequately pleaded claims against Ms. Dougherty are properly dismissed, the only potentially viable claim remaining against her would be Plaintiff's state-law breach of contract claim relating to repayment of an alleged signing bonus of $13,046.71. (Doc. 71 ¶¶ 152–156, 180, 182.) That isolated claim does not fall within this Court's original jurisdiction, as it presents no federal question and the amount in controversy falls well below the jurisdictional threshold required for diversity jurisdiction under 28 U.S.C. § 1332. Nor can it be salvaged through supplemental jurisdiction under 28 U.S.C. § 1367, as Plaintiff has failed to allege any non-conclusory facts connecting Ms. Dougherty to the operative conduct underlying the federal or ATSA claims. In the absence of a shared common nucleus of operative fact, the contract claim against Ms. Dougherty constitutes a standalone state-law dispute over a modest sum. Accordingly, this Court lacks

10

jurisdiction over the new claim against Ms. Dougherty, and she is due to be dismissed from this action.

17.   For the above reasons, defendants Bryant, Harrell, Leopard, Kidd, Sherrell, Amara, Farmer, Detulleo, Blagburn, McEwen, Dougherty, and Swearengin should be dismissed from this case with prejudice.

WHEREFORE, the Defendants respectfully request that the Court enter an order: (1) dismissing Counts IV, VII, VIII, X, and XII, on the basis that the ATSA preempts those claims, and (2) dismissing defendants Bryant, Harrell, Leopard, Kidd, Sherrell, Amara, Farmer, Detulleo, Blagburn, McEwen, Dougherty, and Swearengin entirely from this cause due to the inadequacy of the factual allegations alleged against them, and (3) granting such other and further relief as the Court deems just and proper.

Dated:  March 17, 2026.                     Respectfully submitted,

                                            */s/ Daniel J. Wisniewski*
                                            Daniel J. Wisniewski (ASB-2544-P19Q)
                                            Richard A. Bearden (ASB-0873-E41R)
                                            MASSEY, STOTSER & NICHOLS, PC
                                            1780 Gadsden Highway
                                            Birmingham, Alabama 35235
                                            Telephone:  (205) 838-9000
                                            Facsimile:   (205) 838-9086
                                            *dwisniewski@msnattorneys.com*
                                            *rbearden@msnattorneys.com*

                                            *Attorneys for the Individual Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2026, I filed a copy of the foregoing with the Court's electronic CM/ECF filing system, which will send notification to all parties and counsel of record in this case.

*/s/ Daniel J. Wisniewski*
Counsel