FILED

2026 Jun-15  PM 04:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **STOCKTON MORTGAGE CORP.** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No.: 5:25-cv-01840-ACA** |
| | ] | |
| **IXONIA BANCSHARES INC. d/b/a** | ] | |
| **NOVUS HOME MORTGAGE, et** | ] | |
| **al.,** | ] | |
| | ] | |
| **Defendants.** | | |

## MEMORANDUM OPINION

Plaintiff Stockton Mortgage Corporation is a mortgage lender. Over the course of two months in 2025, eighteen of its employees[1] (collectively, "the Individual Defendants") resigned and went to work for its competitor, Defendant Ixonia Bancshares, Inc., d/b/a Novus Home Mortgage. Stockton filed suit against Novus and the Individual Defendants, asserting twelve causes of action. In the interest of remaining concise, the court will not list every claim against every defendant but

---

[1] The Individual Defendants are Logan Hoffman, Eric Wagner, Chris Hoehn, Amber O'Rear, Adam Goode, Jerry Bryant, Elizabeth Harrell, Amanda Leopard, Sara Kidd, Kim Sherrell, Emma Amara, Ashley Hoehn, Leslie Swearengin, Elliot Farmer, Jennifer Detulleo, Elizabeth Blagburn, Brandi McEwen, and Sherry Dougherty. (Doc. 71 at 1 & ¶¶ 4–21).

will instead address only the specific claims at issue in the motion currently before the court. Those claims are:

Count One: Eight of the Individual Defendants breached the duty of loyalty, non-disclosure, and non-solicitation of customers clauses in their employment agreements

Count Four: The Individual Defendants breached their fiduciary duty to Stockton by providing confidential materials to Novus and soliciting Stockton's existing and prospective borrowers

Count Five: Seven of the Individual Defendants violated the Defend Trade Secrets Act, 18 U.S.C. § 1836

Count Six: Seven of the Individual Defendants violated the Alabama Trade Secrets Act ("ATSA"), Ala. Code § 8-27-3

Count Seven: Eight of the Individual Defendants converted Stockton's borrower files and documents

Count Eight: The Individual Defendants tortiously interfered with Stockton's business relationships

Count Ten: The Individual Defendants tortiously interfered with Stockton's business expectancy with its current and prospective borrowers

Count Twelve: The Individual Defendants engaged in a civil conspiracy to commit the foregoing torts

(Doc. 71 ¶¶ 171–82, 202–41, 251–59, 267–76).

The Individual Defendants move to dismiss Counts Four, Seven, Eight, Ten, and Twelve as preempted by the ATSA. (Doc. 75 at 1). Twelve of the Individual Defendants (Mses. Harrell, Leopard, Kidd, Sherrell, Amara, Detulleo, Blagburn, McEwen, Dougherty, and Swearengin, and Messrs. Bryant and Farmer) move to be dismissed as defendants because the factual allegations against them are insufficient

to state a claim. (*Id.*). The court **WILL GRANT IN PART** and **WILL DENY IN PART** the motion to dismiss. Because the ATSA bars (1) the part of Count Four asserting breach of fiduciary duty by providing Novus with misappropriated data and (2) Count Seven as to Mses. Swearengin, O'Rear, and Ashley Hoehn, and Messrs. Hoffman, Wagner, Goode, and Chris Hoehn,[2] the court **WILL GRANT** the motion and **WILL DISMISS** those claims **WITH PREJUDICE**. The court **WILL DENY** the motion as to all other claims.

In reviewing the amended complaint, the court found some inconsistencies between the defendants identified in the title of a count and those mentioned in the body of the count. The court **WILL ORDER** Stockton to amend its complaint to clarify which defendants are named in each count.

## I.   BACKGROUND

In considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). The court may also "consider exhibits attached to a complaint . . . , and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself,

---

[2] Count Seven also names Novus as a defendant. (Doc. 71 at 32). Novus did not join in the motion to dismiss (*see* doc. 75), so the claim against it remains pending.

the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

Stockton and Novus are mortgage lenders that compete in the area of residential mortgages. (Doc. 71 ¶¶ 28–30). In 2023, Stockton hired Mr. Hoffman as a branch manager of several branches located in Huntsville, Madison, and Rainbow City. (*Id.* ¶ 35). Between May 2023 and July 2024, Stockton hired the rest of the Individual Defendants to work at the branches Mr. Hoffman managed. (*Id.* ¶¶ 50–66). Each of the Individual Defendants executed an employment agreement that contained confidentiality provisions and restrictive covenants. (*Id.*; doc. 71-1 at 8–11; doc. 71-2 at 5–8; doc. 71-3 at 6–10; doc. 71-4 at 6–10; doc. 71-5 at 6–10; doc. 71-6 at 6–10; doc. 71-7 at 5–8; doc. 71-8 at 6–10; doc. 71-9 at 5–8; doc. 71-10 at 9–12; doc. 71-11 at 6–10; doc. 71-12 at 6–10; doc. 71-13 at 6–10; doc. 71-14 at 6–10; doc. 71-15 at 6–10; doc. 71-16 at 6–10; doc. 71-17 at 6–10; doc. 71-18 at 6–10).

The complaint alleges that all the employment agreements contained four identical clauses: a duty of loyalty clause, a non-disclosure clause, a non-solicitation of employees clause, and a non-solicitation of customers clause. (Doc. 71 ¶ 67). It is true that all the employment agreements contain the first three clauses. (Doc. 71-1 at 3, 8–11; 71-2 at 2, 5–8; doc. 71-3 at 2, 6–10; doc. 71-4 at 2, 6–10; doc. 71-5 at 2, 6–10; doc. 71-6 at 2, 6–10; doc. 71-7 at 2, 5–8; doc. 71-8 at 2, 6–10; doc. 71-9 at 2, 5–8; doc. 71-10 at 4, 9–13; doc. 71-11 at 2, 6–10; doc. 71-12 at 2, 6–10; doc. 71-13

at 3, 6–10; doc. 71-14 at 2, 6–10; doc. 71-15 at 2, 6–10; doc. 71-16 at 2, 6–10; doc. 71-17 at 2, 6–10; doc. 71-18 at 2, 6–10). But Mses. Amara's, Harrell's, and Swearengin's employment agreements do not contain the non-solicitation of customers clause. (*See* doc. 71-2 at 8; doc. 71-7 at 8; doc. 71-9 at 8). Accordingly, because the exhibits contradict that allegation, the court does not accept it as true with respect to those three defendants. *See Hoefling*, 811 F.3d at 1277.

Thirteen of the Individual Defendants (Mses. Leopard, Kidd, Sherrell, Detulleo, Blagburn, McEwen, O'Rear, Hoehn, and Doughtery and Messrs. Farmer, Wagner, Hoehn, and Goode) were responsible for soliciting new business and originating loans for Stockton. (Doc. 71 ¶ 69). Three of the Individual Defendants (Mses. Amara, Harrell, and Swearengin) were responsible for collecting borrower information and preparing or processing borrower loan files. (*Id.*). Two of the Individual Defendants (Messrs. Bryant and Hoffman) were responsible for recruiting and management functions. (*Id.*).

In the course of originating new consumer mortgage loans, employees must do "credit pulls" about customers. (*See id.* ¶ 111). For example, from April through September 2025, Ms. Detulleo pulled credit reports for fifteen to twenty customers and prospective customers per month. (Doc. 71 ¶ 110). But in October 2025, she did only one credit pull, while sending the other files to Novus. (*Id.*). This trend held true across all of Mr. Hoffman's branches. (*See id.* ¶ 111–12). In July 2025,

5

Mr. Hoffman's branches did 166 unique credit pulls; in August 2025, they did 145 unique credit pulls; in September 2025, they did 119 unique credit pulls; and in October 2025, they did 43 unique credit pulls. (*Id.* ¶ 112).

Between August 2025 and October 2025, several Stockton employees, including Ms. Swearengin, emailed with Novus employees about diverting Stockton's borrowers and prospective clients to Novus. (Doc. 71 ¶ 73). Specifically, in October 2025, a Novus employee emailed a Stockton employee asking for information needed to close a loan. (*Id.* ¶ 109; doc. 71-53; *see* doc. 71 ¶ 53). The Stockton employee added Ms. Swearengin to the email chain and answered the questions. (Doc. 71 ¶ 109; doc. 71-53).

Between September 12, 2025 and October 31, 2025, the Individual Defendants resigned from Stockton and began working for Novus. (Doc. 71 ¶¶ 122–27, 133–34, 137–44). At some point in or after October 2025, Stockton noticed the drastic reduction in credit pulls and became suspicious that its employees were either not soliciting new loans or were diverting loans to a competitor. (Doc. 71 ¶¶ 112–13). It soon discovered the emails its employees had exchanged with Novus employees, as well as evidence that Mr. Hoffman had shared confidential information with Novus. (Doc. 71 ¶¶ 113–20).

## II.    DISCUSSION

The Individual Defendants move to dismiss all the Alabama common law tort claims (Counts Four, Seven, Eight, Ten, and Twelve) as preempted by the ATSA. (Doc. 75 at 1, 3–5). Twelve of the Individual Defendants (Mses. Harrell, Leopard, Kidd, Sherrell, Amara, Detulleo, Blagburn, McEwen, Dougherty, and Swearengin, and Messrs. Bryant and Farmer) move to be dismissed as defendants because the factual allegations against them are insufficient to state a claim. (Doc. 75 at 1, 6–11). The court will address preemption first, followed by the sufficiency of the allegations.

### 1.  Preemption

The ATSA provides a statutory cause of action for misappropriation of trade secrets, which it defines as "disclos[ing] or us[ing] the trade secret of another, without a privilege to do so." Ala. Code § 8-27-3. It further provides that "[t]hose provisions of this chapter that are inconsistent with the common law of trade secrets supersede the common law; otherwise, this chapter should be construed to be consistent with the common law of trade secrets." *Id.* § 8-27-6. The Alabama Supreme Court has held that the ATSA "replace[s] common law tort remedies for the misappropriation of trade secrets." *Allied Supply Co. v. Brown*, 585 So. 2d 33, 37 (Ala. 1991). The Individual Defendants argue that *Brown* and federal district court opinions interpreting *Brown* require dismissal of all the common law tort

7

claims in this action as preempted by the ATSA. (Doc. 75 at 3–5). The court disagrees.

In *Brown*, the plaintiff asserted that the defendants violated both common law and the ATSA by "breach[ing] their fiduciary duty by soliciting employees, customers, and vendors of [the plaintiff] while still employed by the corporation and by misappropriating confidential documents." 585 So. 2d at 37. The trial court granted summary judgment in favor of the defendants on the ATSA claim but denied summary judgment on the common law claim. *Id.* at 36–37. The Alabama Supreme Court affirmed the grant of summary judgment on the ATSA claim. *Id.* at 36. But it held that the common law claim was in fact two claims: (1) breach of fiduciary duty by solicitating employees, customers, and vendors and (2) breach of fiduciary duty by misappropriating trade secrets and confidential documents. *See id.* at 37. The Court held that the breach of fiduciary duty by solicitation claim could proceed, but that the ATSA barred the breach of fiduciary duty by misappropriation claim because the ATSA "replace[d] common law tort remedies for the misappropriation of trade secrets, while leaving existing contract remedies or safeguards in place." *Brown*, 585 So. 3d at 37.

*Brown* is the only decision from any Alabama state court addressing the ATSA's effect on common law tort claims. Federal district courts have read *Brown* to mean that the ATSA bars any common law claim "based on the same underlying

8

facts giving rise to a claim under the ATSA." *Madison Oslin Inc. v. Interstate Res., Inc* No. 11-1343, 2012 WL 4730877, at *6 (N.D. Ala. Sept. 30, 2012); *see also Physiotherapy Assocs., Inc. v. ATI Holdings, LLC*, 592 F. Supp. 3d 1032, 1044 (N.D. Ala. 2022) (citing *Madison Oslin Inc.*). This court disagrees. In *Brown*, the Alabama Supreme Court allowed a claim of breach of fiduciary duty by solicitation to proceed while barring a claim of breach of fiduciary duty by misappropriation, even though both claims were based on the same underlying facts (the theft and usage of customer and vendor lists the plaintiff alleged were trade secrets). *See* 585 So. 2d at 35–37. This court is bound by the Alabama Supreme Court's interpretation of Alabama law. *See United States v. Rowe*, 143 F.4th 1318, 1326 (11th Cir. 2025) ("The highest court of the state wields ultimate authority over interpretations of state law."). As a result, the dispositive question is not whether claims arise from the same underlying facts, but whether the claims seek a common law remedy for misappropriation of trade secrets. *See* 585 So. 2d at 37 ("[E]xisting common law tort theories of recovery have been replaced by the provisions of the [ATSA] . . . .").

In Count Four, Stockton asserts that the Individual Defendants breached their fiduciary duty by (1) providing Novus with Stockton's confidential data; (2) soliciting Stockton's borrowers to move to Novus; and (3) soliciting Stockton's prospective borrowers to apply for loans with Novus. (Doc. 71 ¶ 204). *Brown* easily resolves the issue of whether the ATSA bars any part of this claim: just as in that

case, the breach of fiduciary duty claim fails to the extent it is based on the misappropriation of the documents but not to the extent it is based on solicitation. *See* 585 So. 2d at 37. The court therefore **WILL GRANT** the motion to dismiss the part of the claim asserting breach of fiduciary duty by providing Novus with Stockton's confidential data but **WILL DENY** the motion to dismiss the other parts of the claim.

In Count Seven, Stockton alleges that eight of the Individual Defendants converted Stockton's "borrowers files and documents." (Doc. 71 ¶¶ 229–30). Again, *Brown* makes clear that the ATSA bars this claim because the claim seeks a remedy for the misappropriation of what Stockton asserts are trade secrets. *See* 585 So. 2d at 37. The court therefore **WILL GRANT** the motion and **WILL DISMISS** Count Seven as to Mses. Swearengin, O'Rear, Detulleo, and Ashley Hoehn, and Messrs. Hoffman, Wagner, Goode, and Chris Hoehn on the basis that the ATSA bars the claim.

In Count Eight, Stockton asserts that the Individual Defendants tortiously interfered with its business relationships with its borrowers and clients by diverting those borrowers and clients to Novus and failing to disclose that Stockton still employed the Individual Defendants. (Doc. 71 ¶¶ 237–38). In Count Ten, Stockton asserts that the Individual Defendants tortiously interfered with its business expectancy in the continuance of its relationship with current and prospective buyers

by diverting those relationships to Novus. (*Id.* ¶¶ 253, 256). These claims do not seek a remedy for the misappropriation of confidential documents but instead for the diversion of borrowers and clients (and, in Count Eight, for the failure to disclose the Individual Defendants' employment status). *See Brown*, 585 So. 2d at 37. Accordingly, the court **WILL DENY** the motion to dismiss Counts Eight and Ten as barred by the ATSA.

In Count Twelve, Stockton alleges that all defendants engaged in a conspiracy to divert current and prospective clients to Novus, interfere with Stockton's contractual relations, and interfere with Stockton's expectancy of continued business relationships. (Doc. 71 ¶¶ 268–72). This count does not allege that the Individual Defendants conspired to misappropriate trade secrets or confidential documents. (*See id.*). Because it is limited to claims that the court has held may proceed, the conspiracy claim may also proceed. The court **WILL DENY** the motion to dismiss Count Ten as barred by the ATSA.

### 2.  Sufficiency of the Allegations

Twelve of the Individual Defendants contend that the allegations against them fail because the complaint does not (1) identify how Stockton's consumer contact information constitutes a trade secret or (2) allege how they used or shared the trade secrets. (Doc. 75 at 6–11).

To survive a Rule 12(b)(6) motion, a party must "plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In response to the Individual Defendants' motion to dismiss, Stockton inexplicably relies on a long-outdated pleading standard. (Doc. 77 at 11) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."), *overruled in relevant part by Twombly*, 550 U.S. at 562–63 (explaining that the "'no set of facts' language . . . has earned its retirement"). The correct standard is facial plausibility: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For their part, the Individual Defendants make general arguments without reference to the elements of any of the claims they challenge. (Doc. 75 at 6–11). The court will not undertake an analysis the Individual Defendants declined to do and will instead limit its discussion to the generalized arguments presented by the Individual Defendants.

The Individual Defendants' first argument is that Stockton has not identified the consumer data at issue with enough specificity. (Doc. 75 at 7–8). But the complaint alleges that the documents identified Stockton's "actual and prospective

borrowers and their mortgage loan needs, which include confidential personal information, such as social security numbers, credit history and score, employment details, assets and liabilities, bank statements, tax returns and other financial data and records," as well as "mortgage loan related pricing and loan programs." (Doc. 71 ¶ 31–32). That suffices to give the Individual Defendants "fair notice" of the records and information that Stockton asserts are trade secrets. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary.").

The Individual Defendants also contend that Stockton has not established "how the generic consumer contact information" is a trade secret. (Doc. 75 at 8). In support, it relies on a non-binding district court opinion that concluded a plaintiff inadequately pleaded the existence of trade secrets when the plaintiff identified "trade secrets, candidate lists, and valuable business information" as the trade secrets at issue. (*Id.* at 7–8); *see M5 Mgmt. Servs., Inc. v. Yanac*, 428 F. Supp. 3d 1282, 1287 (N.D. Ala. 2019); *see also id.* at 1289 (reiterating the plaintiff's argument that it had identified as trade secrets "sensitive and valuable business information, trade secrets, pricing information, and prospect lists") (alteration accepted). But the allegation in this case is distinguishable: as set out above, Stockton identified "confidential personal information, such as social security numbers, credit history and score, employment details, assets and liabilities, bank statements, tax returns and other financial data and records." (Doc. 71 ¶ 31).

The Individual Defendants next argue that the complaint is inadequate because it alleges only that "these defendants had access to customer data, left [Stockton]'s employment, and in a conclusory fashion, that the defendants transferred existing and prospective customers, and their data, to Novus." (Doc. 75 at 8). They contend that absent specifics about *how* the Individual Defendants transferred the data and customers, the allegation is conclusory. (*Id.*). The court disagrees. The Individual Defendants have conceded that the complaint alleges they "transferred existing and prospective customers, and their data, to Novus." (*Id.*) That allegation is not "conclusory." A conclusory allegation is one that draws a legal conclusion, such as that a defendant breached a duty or a contract. *See, e.g., Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (explaining that "a formulaic recitation of the elements of a cause of action" is conclusory). An allegation that the Individual Defendants transferred existing and prospective customers to Novus is not a legal conclusion; it is the factual allegation in support of Stockton's position that the Individual Defendants breached a duty (or a contract, or a statute).

The Individual Defendants offer slightly more argument about Mses. Detulleo and Swearengin (doc. 75 at 9–10), but those arguments also fail. The complaint alleges that Ms. Detulleo "was sending [customer and prospective customer] files to Novus" while employed by Stockton. (Doc. 71 ¶ 110). And the complaint alleges that Ms. Swearengin, while still employed by Stockton, was included in an email

14

between a Stockton employee and a Novus employee about moving a loan to Novus. (*Id.* ¶ 109; doc. 71-53). Construed in the light most favorable to Stockton, this supports a reasonable inference that Ms. Swearengin was involved in diverting that loan to Novus. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

The Individual Defendants' final argument is that after dismissal of "the inadequately pleaded claims against Ms. Dougherty," a "potentially viable" breach of contract claim against her should be dismissed for lack of subject matter jurisdiction. (Doc. 75 at 10). The court rejects this argument because it depends on the success of the Individual Defendants' other arguments about the viability of Stockton's claims.

The court **WILL DENY** the motion to dismiss the Individual Defendants based on the failure to make sufficient allegations about them.

### 3. Request for Default Judgment

In its response brief, Stockton asks for entry of default judgment against the Individual Defendants because they have not filed answers. (Doc. 77 at 15–16). "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). The court does not consider informal requests made in briefs to be proper motions. *Cf. Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave

15

to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quotation marks omitted). Even if Stockton had filed its request as a separate motion, Stockton has not sought entry of default, a necessary prerequisite to entry of a default judgment. *See* Fed. R. Civ. P. 55(a). The court therefore will not consider Stockton's request.

### 4. Inconsistencies in Title and Body of Counts

Two counts of the complaint have inconsistencies between the defendants identified in the title and those identified in the body. The title of Count Five lists Ms. Swearengin as a defendant but does not list Ms. Detulleo (doc. 71 at 30), while the body of the count does not mention Ms. Swearengin but does mention Ms. Detulleo (*see id.* ¶¶ 209–17). Likewise, the title of Count Six lists Ms. Swearengin as a defendant (doc. 71 at 31), but the body of the count does not mention her (*id.* ¶¶ 222–24). Because the court is left unsure which defendants are sued in those counts, the court **WILL ORDER** Stockton to file a third amended complaint clarifying the defendants named in each count.

## III.   CONCLUSION

The court **WILL GRANT IN PART** and **WILL DENY IN PART** the Individual Defendants' motion to dismiss the complaint. The court **WILL GRANT** the motion and **WILL DISMISS WITH PREJUDICE** (1) the part of Count Four asserting breach of fiduciary duty by providing Novus with misappropriated data

and (2) Count Seven as to Mses. Swearengin, O'Rear, Detulleo, and Ashley Hoehn, and Messrs. Hoffman, Wagner, Goode, and Chris Hoehn. The court **WILL DENY** the motion with respect to the remaining claims.

The court **WILL ORDER** Stockton to file a third amended complaint clarifying which defendants are named in each count.

**DONE** and **ORDERED** this June 15, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

17